FILED

MAY 16 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANUM REX AUGUSTUS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONS, et al.<br><br>Defendants. | No. C 07-2275 JL<br><br>**REFERRAL FOR REASSIGNMENT** |

This Court received Plaintiff's Application to file in forma pauperis ("IFP") as provided by 28 U.S.C. §1915.

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $250 . . . ." 28 U.S.C. 1914(a). In the alternative, "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. 1915(a).

The court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* at 1915(d). This allows the court to review prior to service all claims brought pursuant to section 1915(d) and dismiss those claims that are frivolous or malicious. See *Denton v. Hernandez*, 112 S. Ct. 1728, 1732-33 (1992).

Dismissal for frivolousness prior to service under section 1915 ( d) is appropriate where no legal interest is implicated, i.e. where a claim is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Section 1915(d) also accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez, Id..* Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar.

Plaintiff in the case at bar calls himself Americanum Rex Augustus, or in the alternative Vasa Mountbatten (the family name of Prince Philip of Great Britain). He lists his employer as the Futures Trading Desk and the Government of Switzerland, gives his residence as Buckingham Palace and the Royal Palace in Stockholm, Sweden, and reveals a previous related case, the "Hague Imperial Edict." His complaint is a garbled litany of swirling conspiracies, "against the hierarchy of domestic judicial premeditated malicious maladministration . . ." by President George W. Bush, the Hon. Marilyn Hall Patel, William H. Alsup and Charles R. Breyer of this court, Ninth Circuit Clerk Cathy Catterson, California Supreme Court Justice Kathryn Werdegar, Chief Justice of the U.S. John Roberts, the University of California at Berkeley Police Department, Children's Hospital in Oakland, John George Psychiatric Pavilion, Alameda County and the East Bay Municipal Utility District/Regional Park District. He claims discrimination, intentional infliction of emotional distress, metal [sic] suffering, stalking, slander, defamation, libel of record, verbal assault "and to provocational threat," assault and batteries, police brutality, sexual battery, public nuisance, false arrest, false imprisonment, malicious prosecution, maladministration of justice, obstruction of justice, and "contempt against the King's Bench."

The complaint mentions two cases previously filed and rapidly dismissed in this district, C-99-4350 WHA, *Paul Vasa-Mountbatten v.. Oakland Police Department*, dismissed within a little over one month after filing, and C-01-1037 CRB, *Paul Vasa-*

*Mountbatten v. USA et al.*, also dismissed within a short time after filing. IFP was denied in both cases. It is difficult to discern whether either of these cases is related to the case at bar, as per Civil Local Rule 3-12.

This Court has not in ten years seen a more delusional complaint, and the application to file IFP here should also be denied. However, Plaintiff has not consented to the jurisdiction of this Court, as required by 28 U.S.C. §636(c), Civil Local Rule 73. A magistrate judge may not deny in forma pauperis status absent the consent of the party, because that would be a dispositive ruling. *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

Accordingly, this Court hereby refers this case for reassignment to a district court judge, with the recommendation that the application to file IFP be denied and the case be dismissed with prejudice.

IT IS SO ORDERED

DATED: May 16, 2007

JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2275-Ref-Reassign.wpd